IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PENUMBRA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CASE NO. 3:23-CV-02345-G |
| | § | |
| STEWARD HEALTH CARE SYSTEM LLC, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT STEWARD HEALTH CARE SYSTEM LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Steward Health Care System LLC ("Steward") files this answer to Plaintiff Penumbra, Inc.'s ("Plaintiff") Complaint and states as follows:

**NATURE OF ACTION**

1. This action stems from Defendant Steward Health Care System, LLC's ("Steward" or "Defendant") failure to pay amounts owed to Plaintiff for unpaid products and goods supplied by Plaintiff, plus contract-based finance charges, late fees, attorneys' fees, interest and costs.

**ANSWER:** This paragraph is not directed to Steward and steward therefore provides no answer to the same. To the extent this paragraph can be understood to be directed to Steward, Steward states that the Complaint is a written document representing the allegations making up "the action" and that the Complaint speaks for itself as to what the action allegedly entails.

**PARTIES**

2. Complaint Plaintiff is a Delaware corporation with a principal place of business located at One Penumbra Place, Alameda, California 94502.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

1

3. Defendant is a limited liability company existing under the laws of the State of Delaware, with its principal place of business and headquarters located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201. Upon information and belief, Defendant's sole member is Steward Health Care Holdings LLC, which is a limited liability company existing under the laws of the State of Delaware, with its principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201. Upon information and belief, Steward Health Care Holdings LLC's membership is comprised of the following, all of which are believed to be citizens and residents of states other than the State of California:

   A. Harrison Bane, who is believed to be a citizen and resident of the State of Massachusetts and conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   B. John A. Boehner, a Texas citizen believed to be residing in the State of Ohio, who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   C. Michael Callum, who is believed to be a citizen and resident of the State of Texas and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   D. Ralph de la Torre, MD, who is believed to be a citizen and resident of the State of Texas and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   E. Octavio Diaz, M.D., who is believed to be a citizen and resident of the State of Massachusetts and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   F. John Donlan, who is believed to be a citizen and resident of the State of Massachusetts and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   G. Christopher Dunleavy, who is believed to be a citizen and resident of the State of Texas and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   H. Brian Dunn, who is believed to be a citizen and resident of the State of Utah and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201;

   I. Nathalie Hibble, who is believed to be a citizen and resident of the State of Massachusetts and who conducts significant business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201.

   **ANSWER:** Steward admits that it is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. As to

the second sentence in this paragraph, Steward admits only that Steward Health Care Holdings LLC is a member of Steward Health System and is a Delaware limited liability company with a principal place of business located at 1900 N. Pearl Street, Suite 2400, Dallas, TX 75201. Steward denies all remaining allegations contained in this paragraph.

4. Plaintiff and Defendant are collectively referred to herein as the "Parties."

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

## JURISDICTION AND VENUE

5. There is complete diversity between the parties pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the State of California and Defendant, including its members, are all citizens of the States of Texas, Massachusetts, and Utah.

**ANSWER:** Steward admits only that it agrees there is complete diversity.

6. The amount in controversy requirements of 28 U.S.C. § 1332 are satisfied in that there is more than $75,000.00 at issue, exclusive of costs, interest and attorneys' fees.

**ANSWER:** Steward admits only that the amount in controversy claimed by Plaintiff exceeds $75,000.

7. This action properly lies in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District. Accordingly, venue is proper in this Court.

**ANSWER:** Steward admits only that this action is properly in the Northern District of Texas.

8. This Court has personal jurisdiction over the Defendant.

**ANSWER:** Steward responds this this paragraph is a legal conclusion for which no answer is required.

## FACTS COMMON TO ALL ALLEGATIONS

9. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

10. Plaintiff develops, manufactures and sells medical products to hospitals and healthcare providers.

**ANSWER:** Steward admits the allegations contained in this paragraph.

11. In this case, Plaintiff sold medical products to medical facilities owned and operated by Defendant pursuant to the terms and conditions set forth in the following agreements: Purchasing Agreement dated May 1, 2018 as amended (Agreement No. HPG-6541); Purchase Agreement dated May 1, 2022 as amended (Agreement No. HPG-7183), Purchasing Agreement dated May 1, 2018 as amended (Agreement No. HPG-72614) (collectively, the "Purchase Agreement"); and that certain Pricing Agreement, dated on or about September 1, 2021 (the "Pricing Agreement").

**ANSWER:** Steward states that the Purchase Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Steward states that the Pricing Agreement is a written document that speaks for itself and denies all allegations consistent therewith. Answering further, Steward admits that Plaintiff provided medical products. Steward denies any remaining allegations contained in this paragraph.

12. Defendant and/or certain of its hospitals purchased products supplied by Plaintiff and agreed to pay for such purchases. Each sale of products is further evidenced by individual invoices (collectively, the "Invoices").

**ANSWER:** Steward admits that products supplied by Plaintiff were purchased and that purchases were reflected on invoices. Steward denies any remaining allegations contained in this paragraph.

13. The Invoices specify and provide that the payment terms are net 60 days and unpaid balances are subject to a finance charge of 1 – 1/2 % per month or the maximum rate permitted by law. For the sake of brevity, a summary of the Invoices is attached hereto as Exhibit 1.

**ANSWER:** Steward states that the "Invoices" are written documents that speak for themselves and denies all allegations inconsistent therewith. Answering further, Steward denies that there is any Exhibit 1 attached to the Complaint. Steward denies any remaining allegations

contained in this paragraph.

14. The terms and conditions governing the sale of products by Plaintiff and Defendant's obligations relating to such purchases are set out in the Purchase Agreement, Pricing Agreement, Invoices and such other related documents (collectively, the "Agreement").

**ANSWER:** Steward states that the Purchase Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Steward states that the Pricing Agreement is a written document that speaks for itself and denies all allegations inconsistent therewith. Steward states that the "Invoices" are written documents which speak for themselves and denies all allegations inconsistent therewith. Steward lacks information or knowledge sufficient to form a belief as to the veracity about the allegation pertaining to "other related documents," which are not described and Steward therefore denies all allegations pertaining to such "other related documents." Steward denies all remaining allegations contained in this paragraph.

15. By December 2, 2022, Defendant owed a past due balance to Plaintiff in excess of $4.6 million.

**ANSWER:** Steward admits that Plaintiff was owed $4.6 million previously and that this amount has since been paid down significantly.

16. As a result, discussions ensued between Plaintiff and Defendant (through its Senior Vice President of Supply Chain) regarding arrangements for repayment. During those discussions, Defendant admitted that the total past due amount was owed and agreed to make payments on a periodic schedule (of weekly payments of $150,000 starting on December 5, 2022 and increasing to weekly payments of $200,000 starting in early January 2023) to result in full repayment of the past due amount by May 2023. Defendant did not perform under this arrangement.

**ANSWER:** Steward admits that there were discussions regarding periodic payments of amounts owed and that Plaintiff is still owed certain amounts.

17. As a further accommodation, Plaintiff agreed to accept weekly payments of $150,000 starting January 30, 2023 until full repayment of the outstanding unpaid balance. Yet, Defendant remained unwilling to perform under the modified arrangement but cited an asset divestiture expected to be consummated by May 1, 2023, as a possible source of funds. Thus, Plaintiff agreed to reduce the amount of the weekly payment to $75,000 subject to receipt of a

significant repayment upon the close of the asset divestiture and additional payments to satisfy the unpaid balance owed.

**ANSWER:** Steward admits that there were discussions regarding periodic payments of amounts owed and that Plaintiff is still owed certain amounts.

18. Subsequent to the Defendant's divestiture of the above-referenced assets, on June 7, 2023, Plaintiff sent a demand letter seeking payment of the past due amount.

**ANSWER:** Steward states that the letter is a written document that speaks for itself and denies all allegations inconsistent therewith.

19. In response to the demand letter, a payment plan was proposed by Defendant's Senior Vice President of Supply Chain and agreed to by Plaintiff that would allow the two companies to continue to work together, including Plaintiff's conditional agreement to provide a 10% discount for payments in the month of June subject to satisfaction of all other terms.

**ANSWER:** Steward admits that there were discussions regarding payment plans and discounts and that Plaintiff is still owed certain sums.

20. Under that June payment plan "June Payment Plan", Defendant agreed to pay $200,000 by June 16th, $200,000 by June 23rd, $1,760,000 (Defendant to be credited for a $2,000,000 payment, which reflects a $240,000 discount) by June 30th, and $200,000 a week thereafter until the past due amount was paid, while the Plaintiff would ship product of up to $100,000 a week conditioned on Defendant making the aforementioned payments. No payments came from the June Payment Plan.

**ANSWER:** Steward admits that there were discussions regarding payment plans and that Plaintiff is still owed certain sums. Answering further, Steward states that written documentation regarding the "June Payment Plan" speaks for itself and denies all allegations inconsistent therewith.

21. In fact, Plaintiff received only intermittent partial payments with a payment received in early April 2023 and no additional payments under the June Payment Plan. Plaintiff received the foregoing payments with a continuing reservation of all rights and remedies.

**ANSWER:** Steward admits to making payments to Plaintiff and that Plaintiff was still owed certain sums as of June 2023 and is still owed certain sums.

22. Due to Defendant's failure to make all of the payments contemplated by the June

6

Payment Plan, Defendant was and is not entitled to any of the aforementioned credits or discounts for payments received as described above.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

23. In July 2023, Plaintiff also notified Defendant that it intended to pursue its remedies, including commencement of legal action. Through these July discussions, the Plaintiff paid $2,000,000 and, for the remaining outstanding balance, the Senior Vice President of Supply Chain cited an asset divestiture to be consummated by early August, as a possible source of funds, with an understanding that both parties would revisit payments in early August.

**ANSWER:** Steward admits that Plaintiff threatened a legal action, that Steward paid ~$2,000,000 in July 2023, and that there were further discussions regarding payment of the remaining amounts owed.

24. In early-August 2023, payment plan discussions resumed between Defendant and Plaintiff. Defendant agreed to resume making weekly payments of $200,000. In reliance on Defendants representation of performance under the expected payment plan, Plaintiff was induced to continue discussions regarding a further payment plan to resolve delinquent amounts.

**ANSWER:** Steward admits that there were repayment discussions with Plaintiff in August 2023. The remainder of this paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward denies all allegations contained in this paragraph.

25. In early August 2023, further discussions ensued with the Defendant's new Vice President of Supply Chain agreeing to re-commence making weekly payments of $200,000 until the balance was paid off.

**ANSWER:** Steward admits that there were repayment discussions with Plaintiff in August 2023.

26. Despite the large balance owed to Plaintiff, Plaintiff was further induced to resume shipment of goods out of a good faith desire to assist a long-standing customer and in the interest of continuing to make medical devices available to that customer's patients. It was agreed that payments for those shipments would be due the Tuesday following the week in which the shipments were made. Based on this understanding and assurances that weekly payments would re-commence, Plaintiff resumed shipment of goods invoiced in the amount of $623,484.39.

**ANSWER:** Steward admits that Plaintiff resumed the shipment of goods and that there were discussions regarding payment for the same. The remainder of this paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent any additional answer is required, Steward denies the remaining allegations in this paragraph.

27. In addition to these shipments, products were used from consignment and travel stock cases amounting to $104,557.61, for a total amount of $728,042 in additional products utilized by Defendant in the months of August and September.

**ANSWER:** Steward admits that products were utilized in August and September 2023 and denies any allegation inconsistent with what products were utilized. Answering further, Steward is currently without information sufficient to form a belief as to the dollar amounts cited in this paragraph and therefore denies that portion of the allegations for purposes of this answer.

28. The Plaintiff and Defendant continued to have payment discussions throughout the month of August and September. As a result of the August and September discussions, Defendant's Vice President of Supply Chain agreed to weekly payments to Plaintiff, but did not to make any of the weekly payments as promised. Although the Defendant paid $1,165,150 in August and September in two, lump sum payments toward the outstanding balance, the Defendant never tendered the weekly payments as previously agreed and continues to ignore requests for those payments.

**ANSWER:** Steward admits that the parties continued to have payment discussions, that the $1,165,150 in payments were made, and that Plaintiff is still owed certain amounts.

29. As alleged above, Plaintiff has made numerous attempts in good faith to resolve the delinquent payments by cooperating in various payment plans with Defendant that were designed to enable continuing shipments of Plaintiff's products to Defendant. During this time period, Plaintiff forbore from exercising its available legal rights and remedies with a reservation of all such rights and remedies without any waiver.

**ANSWER:** Steward admits that it has discussed the outstanding balance with Plaintiff and worked to pay the balance without the need for either party to resort to legal remedies. The remainder of this paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent any

additional answer is required, Steward denies the remaining allegations in this paragraph.

30. As of October 5, 2023, the past due amount owed is not less than $2,473,928 exclusive of applicable finance charges and other recoverable amounts. Defendant has failed to make and refuses to make payment in full despite the numerous requests, demand letters, and the various payment plans agreed to by its authorized representatives.

**ANSWER:** Steward admits Steward admits that Plaintiff is still owed certain amounts.

## COUNT ONE – BREACH OF CONTRACT

31. Plaintiff incorporates by reference the allegations contained in Paragraph 1-30 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

32. Plaintiff and Defendant entered into a valid and enforceable written contract, to wit, the Agreement.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

33. Plaintiff performed its obligations under the Agreement.

**ANSWER:** Steward admits the allegations contained in this paragraph as they pertain to the Invoices at issue here.

34. All conditions precedent have occurred or have been waived or excused.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

35. Despite Plaintiff's performance, Defendants breached the Agreement by, *inter alia*, failing to pay Plaintiff for the products it sold and furnished to Defendant.

**ANSWER:** Steward admits that Plaintiff is owed a portion of the Invoices described in the Complaint.

36. After accounting for the aforementioned partial payments, Defendant remains obligated in the amount of not less than $2,473,928 plus all applicable finance charges and other recoverable amounts.

**ANSWER:** Steward admits only that Plaintiff is still owed certain amounts.

## COUNT TWO – UNJUST ENRICHMENT/QUANTUM MERUIT

37. Plaintiff incorporates by reference the allegations contained in Paragraph 1-36 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

38. Count Two is hereby pled in the alternative to Count One if the Agreement is held to be unenforceable against Defendant.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

39. At all relevant times herein, Plaintiff conferred an enrichment, benefit or benefits to Defendant.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

40. As a result, Plaintiff suffered prejudice and economic harm.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

41. There is a direct relationship between the enrichment Plaintiff provided and the prejudice and economic harm Plaintiff suffered.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

42. Defendant had knowledge of the benefit or benefits that Plaintiff conferred.

**ANSWER:** Steward admits that Plaintiff provided goods as described in the invoices at issue here.

43. Defendant voluntarily accepted, retained, appreciated and received the benefit or benefits that Plaintiff provided to Defendant, at the expense of Plaintiff.

**ANSWER:** Steward admits that Plaintiff is owed a portion of the Invoices described in this Complaint.

44. Defendant was enriched by the benefit or benefits provided by Plaintiff.

**ANSWER:** Steward admits that Plaintiff provided goods as described in the invoices at issue here and is still owed certain amounts.

45. Defendant unjustly retained a benefit to Plaintiff's detriment.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

46. There was no justification for Defendant's unjust enrichment.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

47. Defendant's retention of the benefit violates the fundamental principles of justice, equity and good conscience.

**ANSWER:** Steward responds that this paragraph is a legal conclusion for which no answer is required. To the extent an answer is required, Steward denies the allegations in this paragraph.

48. Pleading in the alternative, Plaintiff lacks a remedy provided by law.

**ANSWER:** Steward denies the allegations contained in this paragraph.

49. Despite the receipt of such enrichments, Defendant has refused to compensate Plaintiff for the unjust enrichment of in the amount of not less than $2,473,928 plus all applicable finance charges and other recoverable amounts.

**ANSWER:** Steward admits only that Plaintiff is still owed certain amounts.

## COUNT THREE – ACTION FOR ACCOUNT STATED

50. Plaintiff incorporates by reference the allegations contained in Paragraph 1-49 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

51. Count Three is hereby pled in the alternative to Count One and Count Two.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

52. Throughout the relationship between the parties, Plaintiff rendered the Invoices that constitute statements of account for amounts owed by Defendant in exchange for products furnished by Plaintiff.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

53. Defendant has acknowledged and agreed to the accuracy of the Invoices.

**ANSWER:** Steward admits only that certain Invoices Plaintiff sent reflected the correct amounts owed at various points in time.

54. During this time, Defendant retained the Invoices for a substantial period of time without objection.

**ANSWER:** Steward admits that Plaintiff rendered Invoices and that objections were not sent.

55. Defendant recognized and acknowledged the correctness of the account, as reflected in the Invoices submitted by Plaintiff, without contesting same.

**ANSWER:** Steward admits only that Plaintiff submitted Invoices and that it did not

contest the same.

56. Defendant promised to pay the outstanding balance due and owing to Plaintiff.

**ANSWER:** Steward admits that Plaintiff is owed a portion of the Invoices described in this Complaint.

57. Defendant's failure to object to the Invoices from Plaintiff constitutes an acceptance of the amounts due and owing as reflected in the Invoices.

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer. To the extent an answer is required, Steward admits that Plaintiff is owed a portion of the Invoices described in this Complaint.

58. Defendant failed to make payments to Plaintiff who, as a result, has sustained damages in an amount not less than $2,473,928 plus the amount of the finance charge allowed by applicable law.

**ANSWER:** Steward admits only that Plaintiff is still owed certain amounts.

## COUNT FOUR – RECOVERY OF ATTORNEY FEES

59. Plaintiff incorporates by reference the allegations contained in Paragraph 1-58 as if fully set out herein.

**ANSWER:** This paragraph is not directed at Steward and Steward therefore provides no answer to the same.

60. Upon Defendant's failure to pay the balance owing on the Agreement, Plaintiff placed the aforementioned contract in the hands of the undersigned attorney for enforcement, and has agreed to pay said attorney reasonable feeds for his services, for which Defendant has become liable by virtue of TEX. CIV. PRAC. & REM. CODE § 38.001 *et. seq.*

**ANSWER:** This paragraph consists of one or more legal conclusions, which Steward is not required to answer, and Steward denies the same for purposes of this answer.

## AFFIRMATIVE DEFENSES

Defendant Steward Health Care System LLC asserts the following affirmative defense:

1.      Steward is entitled to an offset to any potential judgment in the amount equal to all payments made toward the amount demanded by Plaintiff.

/s/ Thomas G. Yoxall
**Thomas G. Yoxall**
  State Bar No. 00785304
tyoxall@lockelord.com
**Nicholas S. Graber**
  State Bar No. 24122918
Nick.graber@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 – Telephone
(214) 740-8800 – Facsimile

**COUNSEL FOR DEFENDANT STEWARD HEALTH CARE SYSTEM LLC**

### CERTIFICATE OF SERVICE

I certify that on December 1, 2023, I caused this document to be filed with the Court's electronic filing system and set for service on counsel of record.

/s/ Thomas G. Yoxall